FILED
CHARLOTTE, NC

FEB 24 2010

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:10CR27

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| JERRY D. LITTLE | ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   The real property at 19901 Floral Lane, Cornelius, North Carolina, more particularly described in a deed recorded at Deed Book 8713, Page 412 in the Mecklenburg County Public Registry; and

   Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in the bill of information, including but not limited to the sum of approximately $1,504,594.00 in proceeds of the crimes.

2. The Federal Bureau of Investigation, United States Marshals Service, Internal Revenue Service, and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described specific property.

3. A forfeiture money judgment in the amount of $1,504,594.00 and an order of forfeiture of the specific property identified above shall be included in the sentence of the Defendant.

4. Pursuant to Fed. R. Crim. P. 32.2(c)(1), to the extent that this Order constitutes a money judgment, this Order shall constitute a final money judgment and no ancillary proceeding or further final order of forfeiture will be necessary. To the extent that this Order constitutes an order for forfeiture of specific property, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specific property, and shall publish notice of this forfeiture as required by law;

5. Any person, other than the Defendant, asserting any legal interest in the specific property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

6. Following the Court's disposition of all timely petitions filed, a Final Order and Judgment of Forfeiture shall be entered as to the specific property. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specific property, and shall dispose of the specific property according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein, or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
UNITED STATES ATTORNEY

MARK ODULIO
Assistant United States Attorney

JERRY D. LITTLE
Defendant

LAWRENCE W. HEWITT, ESQ.
Attorney for the Defendant

Signed this the 24 day of February, 2010.

UNITED STATES Magistrate JUDGE

2