UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:10CR27

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERRY D. LITTLE, | ) | |
|     Defendant. | ) | |
| _____ | ) | |
| PETITION OF GMAC MORTGAGE, LLC. | ) | |

THIS MATTER is before the court on the government's and petitioner GMAC Mortgage, LLC's Motion for Consent Order for Third Party Petition and Final Order and Judgment Confirming Forfeiture.

I. **CONSENT ORDER**

The government and petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between petitioner and the government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 16) ("the Property"):

> The real property at 19901 Floral Lane, Cornelius, North Carolina, more particularly described in a deed recorded at Deed Book 8713, Page 412 in the Mecklenburg County Public Registry.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided documentation to the government that petitioner provided a loan to Jerry D. Little and Daphne B. Little ("Borrowers") for the purchase of the Property, secured that loan via a Deed of Trust, and has satisfied 21 U.S.C. §

853(n)(6). However, during the ancillary proceeding in this matter, although petitioner was provided direct notice via Certified Mail of the statutory mechanism and time period for filing a petition asserting an interest in the Property, petitioner did not timely assert an interest.

2. By entering into this Consent Order, petitioner agrees to release and forever discharge its interest in the above-referenced Property and release any deeds of trust or liens on the Property. In exchange for release of the interest, deeds of trust, and/or liens, the government agrees to, upon sale of the Property by the Government, pay petitioner fifty percent of the net proceeds[1] of the sale of the Property. For purposes of this Consent Order, the term, "net proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses of maintaining and liquidating the Property. However, in no event shall petitioner be entitled to payment in excess of fifty percent of the principal lien amount owed.

---

[1] The U.S. Attorney's Office intends to request approval from the Attorney General that the remaining fifty percent of net proceeds be "restored" to the Court to pay victims pursuant to 21 U.S.C. § 853(I). As of October 2012, approximately $151,000 in principal remains owed on the GMAC loan. The Government estimates the appraised value of the Real Property may be $150,000.

3. The payment to petitioner shall be in full settlement and satisfaction of all claims by petitioner to the Property, all claims arising from any note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

4. Petitioner agrees not to pursue against the United States any rights that it may have under the deed of trust on the Property, including but not limited to the right to initiate foreclosure. Petitioner agrees to join or consent to any government motion for final order of forfeiture of the Property within fourteen days of petitioner's receipt of the motion. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

5. The government and petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between petitioner and the government in this action to the Property and all claims between petitioner and the government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6. Unless specifically directed by an order of the Court, petitioner shall be excused and relieved from further participation in this action.

**IT IS, THEREFORE, ORDERED THAT:**

1. Based upon the stipulations of the parties herein that petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6) but did not timely comply with the procedures set forth in Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n), petitioner is hereby ordered to release and forever discharge any interest in, deeds of trust on, and/or liens on the Property and the Government is hereby ordered to, upon sale of the Property, disburse fifty percent of net proceeds of the sale to Petitioner.

2. The government and petitioner shall bear their own costs, including attorney fees.

## II. FINAL ORDER AND JUDGMENT CONFIRING FORFEITURE

Petitioner GMAC's rights having been addressed in the Consent Order, the court now turns to the government's request for a Final Order and Judgment Confirming Forfeiture. The court previously entered a Consent Order and Judgment of Forfeiture (#10) which forfeited a money judgment and the following real property in which defendant had an interest subject to forfeiture:

> The real property at 19901 Floral Lane, Cornelius, North Carolina, more particularly described in a deed recorded at Deed Book 8713, Page 412 in the Mecklenburg County Public Registry.

As reflected in the Submission of Declaration of Publication (## 11 and 11-1), from May 8, 2010 through June 6, 2010, the United States published, via www.forfeiture.gov, notice of this forfeiture and of the intent of the government to dispose of the forfeited property according to law, and notice to all third parties of their right to petition the court within sixty days from May 8, 2010, for a hearing to adjudicate the validity of any alleged legal interest in the property. In

4

addition, in June 2010, the Government sent, via United States Postal Service Certified Mail, Return Receipt Requested, notice of this forfeiture action to the last known addresses of Daphne B. Little, Citibank, and GMAC Mortgage, LLC. The time period in which third parties may file petitions passed and no third parties filed petitions. However, following the time period for filing petitions, the Government and GMAC entered into and the court ordered a Consent Order for Third Party Petition whereby GMAC is entitled to receive fifty percent of the net proceeds of liquidation of the Real Property. Consequently, in accordance with Rule 32.2(c)(2), the court may now enter a Final Order and Judgment Confirming Forfeiture giving the United States clear title to the forfeited assets, subject to the Consent Order for Third Party Petition.

**IT IS, THEREFORE, ORDERED** that the Motion for Consent Order for Third Party Petition and Final Order and Judgment Confirming Forfeiture (#27) is **GRANTED**. The Consent Order and Judgment of Forfeiture is confirmed as final and all right, title, and interest in the above property is therefore forfeited to the United States for disposition according to law, subject to any rights of GMAC as set forth in the Consent Order for Third Party Petition.

Signed: December 27, 2012

Max O. Cogburn Jr.
United States District Judge