UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00027-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JERRY D. LITTLE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Early Termination of Supervised Release (#32). The court entered an Order (#33) seeking responses from the government and defendant's supervising officer. The supervising officer has provided a favorable report and does not object to early termination. The government opposes relief, Response (#34), arguing that continued supervised release will facilitate collection of the outstanding balance of approximately $1.3 million dollars in restitution and that defendant's good conduct while on supervised release is what is to be expected and should not be a reason to end supervision.

When considering a motion for early termination of supervised release, Title 18, United States Code, Section 3583(e)(1) provides that courts have the authority to

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). In making such determination, the statute requires the court to consider the Section 3553(a) factors.

1

While the court will consider the other factors, of primary concern is § 3553(a)(7), which requires consideration of "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7). In <u>United States v. Pregent</u>, 190 F.3d 279 (4th Cir. 1999), the Court of Appeals for the Fourth Circuit held that to grant Section 3583(e)(1) relief, the court "must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." <u>Id.</u> at 284.

The court has first considered defendant's conduct. In <u>Folks v. United States</u>, 733 F.Supp.2d 649 (M.D.N.C. 2010), the court held that even "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected" and allowing early termination based on full compliance would be an "exception [that] would swallow the rule." <u>Id.</u> at 652. While the court agrees with its colleague in the Middle District that good conduct and full compliance is what is to be expected during supervision, the court finds that there is little chance that the "exception will swallow the rule" in this district as the supervised release violation docket is nearly as long as the sentencing docket. Non-compliance with the terms of supervises release results in the brining of supervised release violations and adverse consequences. Compliance with the terms of supervision, while expected, should be encouraged. In this case, since the moment authorities confronted defendant with his criminal conduct, he has fully cooperated and has done everything asked of him by the government and, in turn, this court.

The court has next considered the interests of justice. Section 3583(e)(1) requires the court to not only consider the conduct of defendant while on supervised release, which is unblemished, but the "interests of justice." 18 U.S.C. § 3583(e)(1). In reviewing the pending motion, the court has gone back and re-read the PSR (#16) as well as the sentencing transcript

(#24). The court recalls the government's Motion for Downward Departure at sentencing and the favorable presentation the government made on defendant's behalf, including its argument that

> the Government is not concerned with specific deterrence, given the Defendant's early cooperation, given affirmative steps that he did to address his misconduct, I don't believe any specific deterrence is needed here.
>
> The Government is persuaded by his presentation through his counsel that this conduct will not be repeated.
>
> And nonetheless, your Honor, general deterrence is important in these type of matters, particularly when it comes to these kind of financial fraud cases when it involves insiders at financial institutions.

Sent. Tr. at 30-31. Thus, the interest of justice in deterrence in this case is the deterrence of others. Post-release supervision, while a deprivation of liberty that serves as a deterrent to others in most cases, serves as little deterrent to others here as the only remaining purpose is to collect a small monthly payment on a large amount of restitution. The real deterrence of others in this case has already occurred, which was an active sentence of 15-months imprisonment for a first time offender who committed mail fraud.

Further, the interests of justice require consideration of the effective use of limited judicial resources. At this point, the supervising officer is using her time to collect a monthly payment $50. There are no concerns that defendant is engaging in criminal conduct or needs the other rehabilitative resources that supervision can offer. The court determine that this is not an efficient use of the court's very limited resources. While society certainly has a substantial interest in making victims of crime whole again through restitution, society also has an interest in having its law enforcement officers -- such as supervising officers employed by this court -- direct their attention toward those whose release into society actually requires supervision. To use a supervising officer as a bill collector for a person who appears to be paying his bills as

3

directed is a poor use of such resource.  Further, the court is aware that the government has other resources with which to collect on obligations of restitution, including a FLU unit, garnishment, and IRS offset.  Unless defendant wins the lottery, it is likely that he will spend this rest of his life making payments towards restitution.  In the end, to use a supervising probation officer as collection agent is not in the interests of justice where collection of restitution is *raison d'etre* for supervision.

In considering he § 3553(a) factors, the court recalls the letters of support from the community for Mr. Little, his efforts in cooperating with authorities, his honorable discharge from military service, his otherwise spotless criminal history as an adult, his ties to the community, support of his family, and his *real* potential for a successful return to being a productive member of society.  Despite this conviction, defendant has the potential to earn a good hourly wage servicing forklifts.  Also weighing heavily in the court's consideration is the favorable recommendation of defendant's supervising officer, who supports early termination.  Further, the court has an obligation to be a gatekeeper of limited taxpayer resources, especially those falling within the court's limited budget.  In this case, the government has at its disposal a number of tools to continue to collect restitution, while the probation is overwhelmed with defendants needing close supervision.

While the court fully agrees with the government that the offense committed by Mr. Little was serious, caused real harm to real people, and that good conduct should be expected of defendants on supervision, the court has equally considered the government's favorable remarks at sentencing in considering the Section 3553(a) factors.  At the time of sentencing, the court granted a government motion for a downward variance based on defendant's full cooperation.  While the nature and circumstances of the offense would normally weigh against early

4

termination under Section 3553(a)(1), defendant's full cooperation, early acceptance of responsibility, and conduct post-conviction serve to ameliorate such factor, just as the government argued at sentencing. As defendant has fully served his substantial sentence of imprisonment, early termination would not be inconsistent with the seriousness of the offense, would promote respect for the law by encouraging cooperation and compliance, provide just punishment for the offense, and afford adequate deterrence under Sections 3553(a)(2)(A) & (B). Such termination would not offend Section 3553(a)(6) as defendant's on supervision become eligible to seek early termination after a year of compliance. As to Section 3553(a)(7), the court has given careful consideration to usefulness of supervision in this case in defendant making restitution to the victim of this offense, Wells Fargo. By terminating supervision early, defendant in no manner comes out from underneath the restitution judgment as discussed above; rather, the end result is that society will simply be allowed to employ more efficient methods of collection. Having considered the Section 3553(a) factors, the Motion for Early Termination of Supervised Release will be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Early Termination of Supervised Release (#32) is GRANTED, and supervised release is terminated.

Signed: 5/8/2014

Max O. Cogburn Jr.
United States District Judge